UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-0573 SBA |
| Plaintiff, | REPORT AND RECOMMENDATION REGARDING GUILTY PLEA |
| v. | |
| WEI WEI LIANG, | |
| Defendant. | |

The magistrate judge recommends to the district judge that it accept defendant Wei Wei Liang's guilty plea entered in open court on November 1, 2010. Specifically, the defendant pleaded guilty pursuant to a written plea agreement to count two of the superseding information charging her with harboring an illegal alien for private financial gain in violation of 8 U.S.C. § 1324 (a)(1)(A)(iii) and (B)(i). The magistrate judge makes the following findings:

1. On the hearing date set forth above, with the assistance of counsel, the defendant waived her right to enter her guilty plea before a district judge and instead consented to enter her plea in a hearing in magistrate court. Specifically, the magistrate judge advised her that she had a right to plead guilty in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, she could waive that right and consent to enter her plea in a plea hearing in magistrate court. The magistrate judge also advised her that it would issue a written report recommending that the district judge accept the guilty plea, that the district judge would review that recommendation

REPORT AND RECOMMENDATION
CR 09-0573 SBA

1  and determine whether to accept the guilty plea, and that the district judge and not the magistrate
2  judge would sentence her.  The magistrate judge also advised her of the procedures (also set forth at
3  the end of this recommendation) for challenging the magistrate judge's recommendation.  The
4  defendant then waived her right to proceed in district court in open court and in writing and
5  consented to the magistrate judge's conducting the plea hearing.

6      2. The magistrate judge conducted a full plea hearing in the manner set forth in Federal Rule
7  of Criminal Procedure 11.  In particular, the magistrate judge reviewed, and the defendant
8  acknowledged that she understood, the following: (a) the nature of each charge and the maximum
9  penalties, as set forth in Fed. R. Crim. P. 11(b)(1) (G)-(L); (b) the effect of the advisory Sentencing
10 Guidelines and 18 U.S.C. § 3553(a), *see* Fed. R. Crim. P. 11(b)(1)(M); and (c) the rights she was
11 waiving by pleading guilty, *see* Fed. R. Crim. P. 11(b)(1) (A)-(F).  The court reviewed the specific
12 provisions of the plea agreement regarding waiving the right to appeal or collaterally attack the
13 sentence.  *See* Fed. R. Crim. P. 11(b)(1)(N).  The magistrate judge also determined that there was a
14 factual basis for the guilty plea.   *See* Fed. R. Crim. P. 11(b)(3).

15     3. The plea agreement itself was disclosed in open court, *see* Fed. R. Crim. P. 11(c)(2), and
16 the magistrate judge advised the defendant as follows:

17     A.    To the extent that the plea agreement was an agreement of the type specified in Rule 11(c)(1)(A) or (C), the district judge may accept the agreement, reject the agreement, or defer a decision until the district judge reviewed the presentence report.  Also, to the extent that the district judge accepts the agreement, the agreed disposition will be reflected in the judgment.  To the extent that the district judge rejects the agreement, it will inform the parties, advise the defendant that it is not required to follow the plea agreement, and give the defendant an opportunity to withdraw the plea.  If the district judge rejects the plea agreement and the defendant does not withdraw his plea, then the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

    B.    To the extent that the plea agreement was of the type specified in Rule 11(c)(1)(B), the defendant had no right to withdraw her plea if the district judge did not follow the parties' recommendation or request.

*See* Fed. R. Crim. P. 11 (c)(3)-(5).

26     4. The magistrate judge also addressed the defendant personally in open court, and
27 determined that the plea was voluntary and did not result from force, threats, or promises (other than
28 the promises in the plea agreement).   *See* Fed. R. Crim. P. 11(b)(2).

REPORT AND RECOMMENDATION
CR 09-0573 SBA                                      2

5. After the advisements set forth in Rule 11, and summarized here, the defendant pleaded guilty as summarized above. The magistrate judge found that she was fully competent and capable of entering an informed plea, that she was aware of the nature of the charges and the consequences of the guilty plea, and that the guilty plea was knowing and voluntary and supported by an independent factual basis. This court thus recommends to the district judge that it accept the defendant's guilty plea.

6. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

7. At the parties' request, this court set the matter for further proceedings before the district court on Tuesday, November 16, 2010, at 10:00 a.m.

IT IS SO RECOMMENDED.

Dated: November 5, 2010

_____
LAUREL BEELER
United States Magistrate Judge

REPORT AND RECOMMENDATION
CR 09-0573 SBA                                              3